SPECTOR, Chief Judge.
This is an appeal in a declaratory judgment action' brought by appellee by which he sought judicial construction of Section 40.24, Florida Statutes, F.S.A., relating to the payment of mileage fees to grand jurors.
Appellee contended that the mileage fees were payable for each day that a person was required to serve on the grand jury whereas the appellant contended that mileage was payable for only one round trip between the grand juror’s home and the courthouse, even though the grand jury might be in session for a number of days.
The trial court resolved the controversy surrounding the interpretation to be accorded to the statute in favor of appellee. We agree.
Section 40.24, Florida Statutes, F.S.A., as it was worded prior to its amendment in 1972, stated in material part as follows:
“ . . . In addition to the compensation above provided, all jurors shall receive five cents per mile for every mile necessarily traveled in going to and returning from court by the nearest practicable route. . . . ”
A reading of the statutory language fails to reveal any wording which supports appellant’s contention that grand jurors are to be compensated for only one round trip from home to the courthouse while serving on the grand jury. Of course, there was a time when we lived in a predominantly rural society and many citizens resided in remote areas separated from the county seat by poor roads. It was then frequently more convenient for a person summoned to serve on the grand jury to come to the county seat and remain there until the session was over, even if the session extended over a period of days. Obviously, in those circumstances, the distance necessarily traveled represented only one round trip. Thus arose the custom of paying mileage for only one round trip even in more recent years when grand jurors in fact traveled back and forth daily during the session between home and the courthouse. But, as held by the trial court, there is no language in the statute justifying the continuation of the practice.
Chapter 72-308, enacted by the 1972 Legislature, amended Section 40.24 by expressly providing that mileage fees are payable “for every mile necessarily traveled in going to and returning from court by the nearest practicable route”. By the amendment, the legislature in effect ratified the interpretation accorded by the trial court to the statute as it was worded when this action was instituted.
The appellee has cross-assigned as error that portion of the lower court’s judgment which held that the appellant properly refused to approve payment of the daily mileage allowances actually made by the appellee based on the latter’s interpretation of Section 40.24. In our view, this ruling was erroneous. The payment was based on a correct interpretation of the law by Mr. Slaughter and it should be approved. At oral argument, counsel advised that the sum involved is approximately $135.00. Inasmuch as there was no evidence in the record indicating that the appropriation made for this purpose had been exhausted when the request for payment was tendered to the Comptroller by the Clerk, the payment should have been approved.
Accordingly, we reverse that portion of the judgment below which holds that the appellant properly acted within the scope *119 of his duties when he refused payment of the amount in question.
Affirmed in part and reversed in part.
CARROLL, DONALD K. and RAWLS, T'J., concur.